**Stephen H. MARKS, Plaintiff,**

**v.**

**SAN FRANCISCO REAL ESTATE BOARD et al., Defendants.**

**No. C–71 369.**

United States District Court,
N. D. California.

April 10, 1972.

Brobeck, Phleger & Harrison, San Francisco, Cal., Bagley, Bianchi & Sheeks, San Rafael, Cal., Joseph S. Rogers, Hassard, Bonnington, Rogers & Huber, San Francisco, Cal., for defendants San Francisco Real Estate Board and Marin Co. Board of Realtors.

Frank D. MacDowell, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for Buckbee Thorne & Co.

Ronald D. Rattner, San Francisco, Cal., for Ritchie & Ritchie Corp.

M. Laurence Popofsky, Heller, Ehrman, White &' McAuliffe, San Francisco, Cal., for Damon Raike & Co.

Edwin A. Heafey and Justin Roach, Jr., Crosby, Heafey, Roach & Maye, Oakland, Cal., for Grubb & Ellis Co.

David E. Bunim, Charles O'Brien, O'Brien, Stout & Hallisey, San Francisco, Cal., for Milton Meyer & Co.

John G. Buresh, Buresh, Garety, Vallarino & Costamagna, San Rafael, Cal., for Lucas Valley Properties, Inc.

Richard J. Archer, Kristina M. Hanson, Sullivan, Jones, Archer & Brucher, San Francisco, Cal., for Coldwell, Banker & Co.

Francis O. Scarpulla, San Francisco, Cal., for plaintiff.

## OPINION AND ORDER RE MAINTENANCE AS CLASS ACTION AND ORDER RE PRE-TRIAL CONFERENCE.

WOLLENBERG, District Judge.

Plaintiff filed this anti-trust action against the San Francisco Real Estate Board, the Marin County Board of Realtors, and several real estate firms, all of which do business in some portion of what is described as the "Greater San Francisco Bay Area", composed of nine counties. Included among the defendants is Lucas Valley Properties, which, although sued as a corporation, is represented to be a sole proprietorship. The plaintiff sold his residence in Marin County in 1968. Lucas Valley handled the sale and received a brokerage fee. That transaction was his sole contact with the real estate market in the Greater Bay Area at any relevant time. As further delimited after filing of the First Amended Complaint and the pending motion under Rule 23, the class which plaintiff seeks to represent consists of:

All persons, firms, partnerships and/or corporations who paid a brokerage fee to any defendant, co-conspirator or other realtor upon the sale and/or lease of real property located in the counties of Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, Santa Clara, Solano and Sonoma during the period of February 23, 1967 through February 24, 1971. [Plaintiff's Supplemental Memorandum . . . in Support of Rule 23 Motion, pp. 1–2.]

A careful review of the briefs filed by both plaintiff and defendants persuades the Court that the requirements of Rule 23(a) have been satisfied. The defendants hardly question that the number of potential plaintiffs would make joinder impossible. They contend that plaintiff's estimate of 100,000 is low. The questions relating to the existence and extent of the alleged conspiracy resulting in artificially high brokerage rates paid by the named plaintiff and other members of the class are certainly common. In general the claims of the representative party is typical of the proposed class in that it is made up of those who paid brokerage rates on real estate transactions. There is further nothing to suggest any antipathy between the interests of the representative and any member of the proposed class, nor anything to suggest that the action will not be pursued in good faith. The defendants have not suggested that there is any reason to question the adequacy of plaintiff's counsel, nor his ability to handle this litigation.

The more difficult problem that must be faced is that posed by the provisions of Rule 23(b)(3). Whether or not the common questions predominate over questions which would affect only individual members (or groups of individual members constituting less than the entire class), either as to law or to fact, is an issue which is impossible to resolve

authoritatively at this juncture of the litigation. It is easy enough for plaintiff to allege that every real estate firm in the nine Bay Area counties, comprising thousands of square miles and a population of several millions, conspired together to fix real estate commissions and otherwise restrain competition. It may be that plaintiff could prove such a conspiracy. Defendants argue, that even assuming that an anti-trust conspiracy may have existed, the nature of the real estate business would make it most likely that the conspiracy would exist only as to those who were doing business in any given county, and in the case of the representative party that would be Marin. Defendants point out that the Real Estate Boards sued herein each confines its operations to a single county, and argue that that fact is proof of the restrictions of the market. Defendants' argument, supported by affidavits of officers of the various named defendants, and not refuted by plaintiff is that a real estate firm must "be on the scene", or relatively close to it, to be effective, as a general rule. The broker in Marin County, therefore, under defendants' view would be quite uninterested in what a salesman in Santa Clara, or Solano counties was doing. Plaintiff answers that if there is no competition from real estate firms outside the county in which the property is located, that fact is evidence of another aspect of the alleged conspiracy, that of mutual non-competition. It certainly must be conceded that in many respects large portions of the nine county area do form one market for real estate purchasers, who consider several counties as possible areas in which to locate. To that extent, any variation between the real estate commissions customarily charged in one county and another would have an influence on the market.

On balance, the Court concludes that the likelihood of common questions predominating, both as to legal and factual matters is much greater if the class is limited so that it includes only those who paid a brokerage fee upon the sale and/or lease of real property located in Marin County. There is no suggestion that such a limitation, which will be provisional in character and subject to modification pursuant to Rule 23(c)(1), would prevent this action from going forward as a class action, the method which seems clearly to be superior to any other method available for fair and efficient adjudication. The limitation will necessarily reduce the management problems inherent in a class of such magnitude.

The further contention of defendants that there are sub-markets within a given county which depend upon the type of property being handled, e. g. residential, commercial, industrial, and presumably, agricultural does not appear to be as serious a problem as the geographical divisions of the market discussed above. Plaintiff argues that the type of property handled is not a basis for differentiation, for it is the fee paid on each transaction about which he complains. It may be that further discovery will disclose the necessity for further limitation along the lines suggested, or, possibly, the creation of sub-classes, if it can be shown that the fees are figured differently with respect to the type of property handled. On the other hand, such differences at least within the limited area of Marin County, might be simply different aspects of the same conspiracy.

The parties to the litigation are presently under the restrictions of Pre-trial Order # 1 filed herein with the consent of all parties. Pursuant to Paragraph 9 of that Order, it is now necessary to schedule the Second Pre-trial Conference in this matter.

The conference agenda should include the following matters:

1) calendaring of discovery;

2) consideration of possible time limits upon the period of time with respect to which discovery may be made;

3) determination of any further preliminary motions that may be made;

4) approval of the form of notice to be used and method of identifying and notifying class members;

5) consideration of possible use of expert evidence and computer, sample, and survey evidence;

6) exchange of estimated trial dates;

7) schedule a further pre-trial conference.

In addition to the above, the parties may submit proposals for the agenda, with or without stipulation.

It is, therefore, ordered

1. Pursuant to Rule 23(c)(1) this action may be maintained as a class action under Rule 23(b)(3) on behalf of the class of plaintiffs defined as follows:

> All persons, firms, partnerships and/or corporations who paid a brokerage fee to any defendant, co-conspirator or other realtor upon the sale and/or lease of real property located in the county of Marin during the period of February 23, 1967 through February 24, 1971;

2. That this ruling on class determination is provisional and is subject to modification at any time prior to a decision on the merits;

3. That any proposed additions to the Pre-trial agenda shall be filed by May 5, 1972;

4. That any further preliminary motions together with supporting affidavits and briefs shall be filed by May 5, 1972;

5. That all opposition to said motions together with supporting affidavits and briefs shall be filed by May 19, 1972;

6. That any replies by moving parties shall be filed by June 2, 1972;

7. That the Second Pre-trial Conference shall be held at 1:30 p. m. on June 9, 1972;

8. That the terms of the First Pre-trial Order shall remain in effect until further Order;

9. That all parties shall schedule and hold an informal pre-trial conference not later than June 2, 1972 in compliance with Local Rule 104(a), with a view to attempting to reach agreement on the agenda, and on the provisions of the Second Pre-trial Order to be filed following the Conference. The parties are specifically directed to attempt to reach agreement on the form of notice and method of identifying and notifying members of the class.